IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM MASENGALE,<br>    Petitioner | )<br>) Case No. 7:19-cv-543<br>) |
| v. | )<br>) |
| J. STREEVAL,<br><br>    Respondent | )<br>) By: Michael F. Urbanski<br>) Chief United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

On August 5, 2019, petitioner William Masengale, proceeding pro se, filed a petition for relief pursuant to 28 U.S.C. § 2241, alleging that he was deprived of good time credits without due process following three prison disciplinary hearings. On November 6, 2019, respondent filed a motion to dismiss, or alternatively, for summary judgment. ECF No. 6. Masengale did not respond to the motion, but on February 13, 2020, filed a motion to stay this action so that he could exhaust his administrative remedies. ECF No. 9. For the reasons stated below, the court **GRANTS** the motion to dismiss or for summary judgment; **DENIES** the motion to stay the case; and **DISMISSES** Masengale's motion for relief under 28 U.S.C. § 2241.

## BACKGROUND

Masengale is incarcerated at United States Penitentiary, Lee in Jonesville, Virginia. He complains about procedures in three disciplinary hearings that resulted in the loss of good conduct time.

In Incident Report No. 3165149, Masengale was accused of possession of narcotics. On September 1, 2018, an orange-colored strip, later identified as eight milligrams of sublingual Suboxone, was found in Masengale's wallet during a search. ECF No. 7-1 at 10. The incident report charging him with possession of narcotics was reviewed by the Unit Disciplinary Committee (UDC) and Masengale was given an opportunity to comment but declined to do so. The incident was then referred to the disciplinary hearing officer (DHO) for a hearing. Id. at 10-11. A hearing was held on September 11, 2018 and the DHO considered the charging officer's written report, photo evidence, and a "medical pharmacist memorandum." Masengale did not request a staff representative or witnesses and did not testify at the hearing. The DHO found, based on the greater weight of the evidence, that Masengale committed the prohibited act of possessing narcotics. He was punished with the loss of forty-one days of good conduct time, the loss of six months of commissary and phone privileges, and placement in disciplinary segregation for fifteen days. Id. at 17-18. The DHO issued his report on September 21, 2018, but there is no indication that Masengale received a copy of the report at that time. Id. at 19.

In his complaint, Masengale asserts that following the hearing, he sent an inmate request to staff dated November 7, 2018 requesting a copy of the DHO report but received neither a response to his request nor a copy of the report. He prepared a BP-10 appeal to the Mid-Atlantic Regional Office (MARO), appealing the DHO's decision because the DHO did not provide him with a report of the hearing and also alleging that the DHO's decision was not supported by the record. The MARO rejected his appeal because Masengale did not attach the DHO report. Masengale next prepared a BP-11 appeal to the Central Office, arguing that

the MARO should not have rejected his appeal because the DHO failed to provide him with a copy of the report and that the DHO's decision was not supported by the record. The Central Office rejected the BP-11 Appeal based the rationale given by the MARO.

In Incident Report No. 3182925, Masengale was accused of possession of alcohol or intoxicants. On October 19, 2018, while conducting a random pat search, an officer discovered in Masengale's pants two plastic bags containing an orange liquid substance, later identified as "intoxicants." ECF No. 7-1 at 21. Following a review by the UDC where Masengale declined to comment on the charge, the incident was referred for a DHO hearing, which occurred on October 29, 2018. Id. at 21-22, 28-29. Masengale did not request an inmate representative or witnesses and did not testify at the hearing. The DHO considered the charging officer's report and found Masengale guilty based on the greater weight of the evidence. Masengale was punished with the loss of forty-one days of good conduct time, the loss of six months of commissary and phone privileges, and placement in disciplinary segregation for fifteen days. Id. at 29. The DHO issued the hearing report on October 31, 2018 but there is no indication that Masengale received a copy of it at that time. Id. at 29-30.

Masengale claims that after the hearing, he sent an inmate request to staff dated December 16, 2018 requesting a copy of the DHO report, with the same result he had with his previous request for a copy of the DHO report, i.e., he received no response to his initial request and both subsequent appeals were rejected because he did not include a copy of the DHO report.

In Incident Report No. 3214292, Masengale was accused of possessing alcohol or drugs in an incident that occurred on January 17, 2019. ECF No. 7-1 at 32. According to the charging

3

officer's report, during a visual search of Masengale, an item wrapped in toilet paper fell out of his boxer shorts onto the floor. Masengale picked the item up and put it in his mouth. He was told to spit the item out and did so. The item was a clear plastic bag that contained substances identified as Amphetamines/Methamphetamines. Id. Masengale declined to comment during the UDC review and investigation and the case was referred for a disciplinary hearing, which occurred on January 24, 2019. Id. at 33-34, 40-41. Masengale waived his right to have a staff representative at his hearing and did not call any witnesses. At the hearing, the DHO relied on the charging officer's report, photo evidence, and the drug test kit to find that the greater weight of the evidence showed that Masengale committed the offense as charged. Id. at 41-42. He was punished with the loss of forty-one days of good conduct time, the loss of six months of commissary and email privileges, and placement in disciplinary segregation for fifteen days. Id. at 42. The DHO issued the hearing report on February 4, 2019 and a copy was provided to Masengale on February 11, 2019. ECF No. 7-1 at 43.

Although Masengale received a copy of the DHO report, he makes the same claims regarding his attempt to obtain a copy of the DHO report and appeal the DHO decision of the third disciplinary case. He claims that he requested a copy of the DHO report on March 1, 2019 and when he did not receive it, he filed an appeal with the MARO and the Central Office, both of which rejected his appeals because he did not file a copy of the DHO report with the appeals. It is unclear why he sought an additional copy of the DHO report when one was provided to him on February 11, 2019.

In his petition brought pursuant to 28 U.S.C. § 2241, Masengale asserts that his due process rights were violated in the three disciplinary hearing proceedings. He seeks

expungement of his disciplinary record and reinstatement of his lost good conduct time. Warden Streeval, in his motion to dismiss or, alternatively, for summary judgment, asserts that Masengale failed to exhaust his administrative remedies and that even if he had done so, he was afforded due process and that ample evidence supported the DHO's findings that he had committed the offenses charged.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Although § 2241 does not contain a statutory exhaustion requirement, courts require petitioners to exhaust their administrative remedies prior to bringing a habeas corpus cause of action. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004). The exhaustion requirement gives prison officials an opportunity to develop a factual record and provides prisons "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only on a showing of cause and prejudice. McClung, 90 F. App'x at 445 (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)).

The Bureau of Prison (BOP) administrative remedy program is set out at 28 C.F.R. § 542.10 – 542.19. Inmates are directed to first attempt informal resolution of an issue to staff and each warden establishes procedures for the informal resolution of complaints. 28 C.F.R. § 542.13. If an inmate is not satisfied with the response he receives from his attempt at informal resolution, he may file an administrative remedy request. The deadline for completion of informal resolution and submission of a formal administrative remedy request is twenty days following the date on which the basis for the request occurred. 28 C.F.R. §542.14(a).

5

Administrative remedy requests involving issues other than DHO hearings are submitted to the institution staff member designated to receive such requests. 29 C.F.R. § 542.14(c)(4). Appeals of DHO decisions are submitted initially to the Regional Director for the region where the inmate is located. 29 C.F.R. § 542.14(d)(2). An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). Appeals to the Regional Director are made on BP-10 forms and appeals to the General Counsel are made on BP-11 forms. 28 C.F.R. § 542.15(b)(1).

In Masengale's complaint, he asserts that he exhausted his administrative remedies following the three disciplinary hearings by seeking informal resolution and then filing BP-10 forms with the Regional Director and BP-11 forms with the Central Office. However, Respondent Streeval, in his motion to dismiss or for summary judgment, submitted a declaration from a legal assistant in the BOP's Mid-Atlantic Regional Office who stated that she had reviewed BOP files and there was no indication that Masengale had filed any administrative remedy requests during his incarceration. Decl. of Tiffanie Little, ECF No. 7-1 at 2-3.

Masengale did not respond to Little's declaration, but on February 13, 2020 he filed a motion to stay this case to give him an opportunity to exhaust his administrative remedies. ECF No. 9. Because Masengale did not dispute Little's declaration that he failed to exhaust his administrative remedies, the court finds that the claims are unexhausted. See Fed. R. Civ. P. 56(e)(2) ("If a party fails to … properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion.").

The court further finds that even if Masengale did submit the appeal forms as described in his complaint, the first two were not submitted to the Regional Office within the twenty-day period described in the regulation. In Incident Report No. 3165149, he waited forty-eight days after the DHO issued his report to request a copy of the report; in Incident Report No. 3182925, he waited forty-seven days before requesting the DHO report. In Incident Report No. 3214292 he waited nineteen days before seeking a copy of the report, although the record indicates that he received the DHO report within a week of his hearing. If he appealed the DHO finding to the Regional Office after that date, it still would have been outside the twenty-day limit set out in the regulations. Thus, if Masengale did attempt to exhaust his administrative remedies, he did not do so in a timely manner.

In addition, the court notes that according to respondent, after Masengale filed this lawsuit, prison officials realized that he had not been provided a copy of the DHO reports from the first two disciplinary hearings and gave him copies of the reports from those hearings on September 24, 2019. ECF No. 7 at 3, 5, 15. Respondent represents that Masengale could have attempted to exhaust his administrative remedies at that time. ECF No. 7 at 15. There is no indication in the record that he attempted to do.

Finally, although Masengale filed a motion to stay this case on February 13, 2020 so that he could exhaust his administrative remedies, the twenty-day deadline had long since passed to challenge the results of the three disciplinary hearings via the administrative appeal process. That is true even if he did not get copies of the DHO reports until September 24, 2019. Thus, the court finds that Masengale did not exhaust his administrative remedies and **DISMISSES** his case for failure to exhaust. The court further finds that Masengale is not

7

entitled to a stay of this case because it is too late for him to seek administrative relief. Accordingly, his motion to stay the case is **DENIED**.

## II. Merits

Respondent Streeval argues in the alternative that Masengale received due process during the disciplinary hearing proceedings and is not entitled to habeas corpus relief. In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States. In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause. Id. at 483-484 (citing Wolff v. McDonnell, 418 U.S. 539 (1974) and Meachum v. Fano, 427 U.S. 215 (1976)). However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Masengale lost a total of 123 days of good conduct time and it is well-established that inmates have a liberty interest in the forfeiture of vested good conduct time. Batra v. Smith, No. 3:13CV787, 2016 WL 4249494, *2 (E.D. Va. 2016) (citing Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000)); Downs v. Gill, No. DKC-10-964, 2011 WL 1457757, *3 (D. Md. 2011) (citing Henson, 213 F.3d at 898). Thus, good conduct time can only be taken from a prisoner in a manner that comports with due process.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in Wolff, 418 U.S. at 564: (1) He must receive written notice of the charges; (2) He

8

must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) There must be a written statement by the fact finder as to the evidence relied on and reasons for the decision.

Masengale received written notice of the charges and the DHO made a written record noting the evidence relied on to find petitioner guilty. Nothing in the record indicates that Masengale was not allowed to present witnesses or documentary evidence. Although Masengale did not get copies of the DHO's report in the first two hearings until more than a year after the first hearing and almost a year after the second hearing, he did eventually receive the reports. Masengale has not argued that the delay in issuance of the DHO reports to him prejudiced him in his ability to file an appeal. See Williams v. O'Brien, No. 7:08cv00424, 2008 WL 2943146, * 2 n. 4 (W.D. Va. 2008) (noting that late delivery of DHO report to inmate did not affect right to appeal DHO decision where he had an opportunity to show that delay was not his fault). Thus, it appears that Masengale received the process he was due in accordance with Wolff.

Masengale also asserts that there was insufficient evidence presented at the hearing to show that he had committed the disciplinary infractions of which he was found guilty. However, it is not the job of the courts to assess the weight of the evidence when reviewing a prison disciplinary hearing, but only to determine whether the guilty finding has support of some facts or any evidence at all. Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (citing Superintendent Mass. Corr. Institution v. Hill, 472 U.S. 445, 455-456 (1985). As long as a hearing officer's decision is supported by some evidence and the requirements of Wolff have

been met, the decision cannot be disturbed on judicial review. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-456; Tyler, 945 F.3d at 170.

In each of Masengale's three disciplinary hearings, the DHO considered the charging officer's report that contraband was found on Masengale's person or in his possession. In addition, the three substances were determined to be, respectively, (1) Suboxone, (2) intoxicants, and (3) amphetamines/methamphetamines, none of which he was authorized to possess. The court finds that this evidence provided a sufficient basis on which to find Masengale guilty of the disciplinary charges.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** respondent Streeval's motion to dismiss, or, alternatively, motion for summary judgment, ECF No. 6, **DENIES** Masengale's motion to stay the proceedings, ECF No. 9, and **DISMISSES** Masengale's motion for relief under 28 U.S.C. § 2241.

An appropriate Order will be entered.

Entered: July 23, 2020

Michael F. Urbanski
Chief United States District Judge